

# Fourth Court of Appeals
## San Antonio, Texas

April 9, 2019

No. 04-18-00103-CV

**WESTWIND HOMES** d/b/a Westwind Development, G.P.-Laredo, LLC, and Centerpoint
Energy Resources Corp,
Appellants

v.

Fernando **RAMIREZ** and Minerva Ramirez,
Appellees

From the 406th Judicial District Court, Webb County, Texas
Trial Court No. 2015CVT003262-D4
Honorable Oscar J. Hale, Jr., Judge Presiding

## O R D E R

The notice of appeal was filed in this appeal on February 21, 2018. Accordingly, this appeal has been pending on this court's docket for over a year.

The reporter's record was originally due to be filed in this appeal on April 4, 2018. On May 15, 2018, the appeal was abated for mediation. At the time of the abatement, the reporter's record had not been filed. On July 5, 2018, this court issued an order reinstating the appeal on the court's docket and ordering the reporter's record to be filed by August 6, 2018.

On August 22, 2018, this court notified the court reporter Mr. David Laurel that the record was late, and Mr. Laurel was instructed to file the record by September 22, 2018. On October 12, 2018, Mr. Laurel filed a written request for an extension which was granted, extending the deadline to file the record to November 1, 2018. After numerous additional telephone inquiries by this court, Mr. Laurel filed a twenty-nine volume reporter's record on December 28, 2018.

On March 6, 2019, the attorneys for both appellants filed an unopposed motion to reset the briefing deadlines based on the absence of a complete reporter's record. The motion asserted the reporter's record does not contain: (1) transcripts of any pre-trial and post-trial hearings which were included in the original request and in a request for supplemental reporter's records of those hearings which was sent to Mr. Laurel on January 9, 2019; or (2) the transcription of the testimony of seven witnesses who testified by deposition, and letters were sent to Mr. Laurel requesting a corrected or supplemental reporter's record with the omitted deposition testimony.

The motion also asserted Mr. Laurel failed to respond to any requests for the supplemental records and requested this court to reset the briefing deadlines and direct Mr. Laurel to promptly file the missing reporter's records.

By order dated March 7, 2019, Mr. Laurel was ordered to file a written response in this court by March 17, 2019, listing the reporter's records that have been requested but have not been filed, including the volumes relating to the omitted deposition testimony, and stating the date by which those missing records will be filed. When Mr. Laurel failed to timely respond to this court's order, the clerk of this court contacted Mr. Laurel by telephone, explained that Mr. Laurel had missed the deadline for filing the written response, and detailed the nature of the response the court had ordered. Mr. Laurel represented that he would file the written response by March 27, 2019.

On March 27, 2019, Mr. Laurel filed a notification of late record; however, the notification did not comply with the court's order because it failed to list the reporter's records that had been requested but had not been filed, including the volumes relating to the omitted deposition testimony. By order dated March 29, 2019, Mr. Laurel was ordered to file a written response containing the information required by this court's order no later than April 3, 2019.

On April 3, 2019, Mr. Laurel filed a response listing reporter's records from the following hearings as pending: (1) August 29, 2016; (2) June 27, 2017; (3) September 18, 2017; (4) October 2, 2017; (5) December 5, 2017; and (6) February 5, 2018. Mr. Laurel further states, "There is also an outstanding balance still owed for the 29 volumes filed on 12/28/18," which appears to be a reference to the volumes in which the transcription of the deposition testimony was omitted. Mr. Laurel's notification stated he anticipated the record would be completed by April 8, 2019; however, the pending volumes were not filed on April 8, 2019.

**It is therefore ORDERED that Mr. Laurel file the pending volumes of the reporter's record listed in his April 3, 2019 response, including the transcriptions of the deposition testimony omitted from the previously filed 29 volumes, no later than April 22, 2019. If Mr. Laurel fails to comply with this order, Mr. Laurel will be ordered to appear and show cause why he should not be held in contempt for failing to comply with this court's order**. The clerk of this court shall cause a copy of this order to be served on Mr. Laurel by certified mail, return receipt requested, or give other personal notice of this order with proof of delivery. Because "[t]he trial and appellate courts are jointly responsible for ensuring that the appellate record is timely filed," TEX. R. APP. P. 35.3(c), the clerk of the court is directed to serve a copy of this order on the Honorable Oscar J. Hale, Jr., Judge of the 406th Judicial District Court.

It is FURTHER ORDERED that the attorneys for the appellants and the appellees file a written response in this court no later than April 15, 2019, stating whether any portions of the reporter's record are pending other than the portions listed in Mr. Laurel's April 3, 2019 response.

Rebeca C. Martinez, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 9th day of April, 2019.

KEITH E. HOTTLE,
Clerk of Court